UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
CHARLEY WEBB                    )
                                )
        v.                      )   CIVIL NO. 04-12497
                                )
UNITED STATES OF AMERICA        )
```

AMENDED MOTION TO VACATE SENTENCE
PURSUANT TO 28 U.S.C. §2255

Petitioner Charley[1] Webb respectfully moves this Court to resentence him pursuant to 28 U.S.C. §2255. Webb files this amended motion pursuant to Rule 15 of the F.R.Civ.P. Petitioner Webb states that he is a prisoner in custody under a sentence of a court established by act of Congress and that the sentence was imposed in violation of the laws and Constitution of the United States and that the sentence was in excess of the maximum authorized by law. Webb sets forth the following facts and arguments of law.

STATEMENT OF FACTS

After a jury trial, U.S. District Court Judge William G. Young sentenced petitioner Webb to 288 months' imprisonment following his conviction for violating 18 U.S.C. §922(g)(1). The indictment on which the trial was had did not allege that Webb

---

[1] The petitioner's first name is actually spelled "Charley," though all of the court papers in this case spell his name "Charlie."

1

was subject to any enhancement of his sentence by virtue of his past criminal record; specifically, the indictment did not allege that Webb was an armed career criminal under 18 U.S.C. §924(e).

Webb's 288-month sentence was predicated on the court's ruling that Webb was an armed career criminal pursuant to 18 U.S.C. §924(e) and USSG §4B1.4.  See Judgment, Criminal No. 01-10267-WGY.  The court determined that petitioner Webb was to be sentenced in accordance with the United States Sentencing Guidelines; the court also determined that Webb's adjusted offense level was 34 and that his criminal history category was VI (6).  See Disposition on 6/19/02, p.4.[2]  These adjustments to the offense level and criminal history score were based on application of USSG §§4B1.4(b)(3)(A) and 4B1.4(c)(2).  The trial court found by a preponderance of the evidence that Webb had violated §922(g)(1) while committing a crime of violence.  Webb contested this allegation at the time of sentencing, 6/19/02 tr., pp. 5, 10-11, and the jury was not asked to reach a verdict on this issue.

In classifying Webb as an armed career criminal, the court relied on four prior convictions: two convictions for possession of cocaine with the intent to distribute in 1990, PSR ¶¶45-46[3], a

---

[2]   The transcript of the disposition is attached as exhibit A.

[3]   "PSR" refers to the presentence report prepared by the United States Probation Department before the sentencing in the

conviction for distribution of cocaine in 1993, PSR ¶47, and a conviction for assault and battery by means of a dangerous weapon in 1996, PSR ¶49.[4]

On Webb's motion[5], on November 19, 2004, Judge Sydney Hanlon of the Dorchester District Court granted Webb's motion for a new trial and vacated his conviction for possession of cocaine with intent to distribute, Dorchester District Court no. 9007 CR 2518, referenced above in ¶46 of the PSR. Webb also moved for a new trial on the convictions for assault and battery and larceny from the person referred to in ¶49 of the PSR in the Dorchester District Court.[6] After consideration, Judge Hanlon denied the motion.[7] The basis for Webb's motion for a new trial in Dorchester case no. 9507 CR 8095 is that the trial court did not sentence Webb in accordance with the plea bargain the court had reached with him as consideration for the plea. Webb's plea was entered on the premise that he would receive a sentence

---

criminal case. The PSR is not attached as this is a non-public document.

[4] There was also a conviction for the crime of larceny from the person which was part of the same offense conduct as the assault and battery case in ¶49. This conviction would not be countable separately for purposes of applying the armed career criminal enhancement of 18 U.S.C. §924(e).

[5] Webb moved for post-conviction relief under Rule 30 of the Massachusetts Rules of Criminal Procedure.

[6] Dorchester Dist. Ct. docket # 9507 CR 8095.

[7] The denial of that motion is currently on appeal.

concurrent with a parole violation sentence. While the court agreed to sentence Webb under those terms, the court did not in fact do so, and Webb ended up serving consecutive sentences.

GROUNDS FOR RELIEF

Petitioner Webb states that the sentence he is now serving is unlawful and that he is entitled to relief under 28 U.S.C. §2255 for the following reasons:

1.  Webb's sentence for violating 18 U.S.C. §922(g)(1) cannot exceed 10 years, the statutory maximum,[8] because he was not indicted for violating 18 U.S.C. §924(e), i.e., he was not indicted for being an armed career criminal, and the jury which tried and convicted him did not find that he had three or more prior convictions for either violent felonies or serious drug offenses. Blakely v. Washington, 524 U.S. ____, 124 S.Ct. 2531 (2004); Apprendi v. New Jersey, 530 U.S. 466 (2000).

2.  The United States Sentencing Guidelines are unconstitutional and the sentencing court was not and is not now bound to sentence Webb within a specified range of sentences.

3.  Webb does not have three valid convictions for violent felonies and/or serious drug offenses so as to bring him within the ambit of 18 U.S.C. §924(e). His convictions for assault and battery and larceny from the person in case no. 9507 CR 8095 are invalid as they were induced by a court-made promise which the

---

[8]   See 18 U.S.C. §924(a)(2).

court then failed to keep.  See Santobello v. New York, 404 U.S. 257, 262-263, 92 S.Ct. 495, 499 (1971); Commonwealth v. Santiago, 394 Mass. 25 (1985); Mass. R. Crim. P. 12(c)(2).[9]

When the convictions in no. 9507 Cr 8095 are excluded from the sentencing calculus in this case, Webb has only 2 convictions for drug-related offenses, and is thus not an armed career criminal under either the federal statutes or Sentencing Guidelines.  Thus, he cannot be lawfully sentenced to a term exceeding 120 months' imprisonment.

Assuming for the present that the United States Sentencing Guidelines are valid, a correct application of USSG §2K2.1 to this case without the armed career criminal enhancement yields an adjusted offense level of 24; PSR ¶34.  As Webb's correct criminal history category is IV(4), see paragraph 6 below, the correct sentencing range in this case under the guidelines is 77 months to 96 months.

4.   Even if Webb is an armed career criminal for purposes of §924(e) and the guidelines, his offense level was unconstitutionally set at 34 without a proper basis.  Under Blakely v. Washington, 524 U.S. ____, 124 S.Ct. 2531 (2004), and United States v. Booker, 375 F.3d 508 (7th Cir. 2004), the sentencing court engaged in unconstitutional fact finding based

---

[9]  See petitioner's Motion for New Trial and supporting documents, attached as exhibit B.

on a mere preponderance of the evidence in order to increase Webb's sentence. In this case, the court unlawfully and unconstitutionally found that Webb had committed a crime of violence, i.e., an armed assault, and on that basis increased Webb's offense level from 33 to 34 and his criminal history category from V(5) to VI(6).

5. Even if Webb is an armed career criminal for purposes of §924(e) and the guidelines, his criminal history category was unconstitutionally set at VI(6) without a proper basis. For the same reasons as set out in paragraph 4 above, Webb's criminal history score could not lawfully be increased to VI based on a judicial finding by a mere preponderance of the evidence that he committed a crime of violence. Blakely v. Washington, supra; United States v. Booker, supra.

6. Webb's conviction in Dorchester District Court no. 9007 CR 2518, which was counted for criminal history purposes at PSR ¶46, has been vacated.[10] Webb received three criminal history points for this conviction. When those points are subtracted from Webb's criminal history score, Webb has 7 criminal history points, putting him in category IV(4). Therefore, assuming that Webb may be treated as an armed career criminal pursuant to USSG §4B1.4, application of this guideline without enhancements based

---

[10] A certified copy of the docket entries will be filed under separate cover.

on unconstitutional judicial fact finding yields a sentencing range of 188 months to 235 months.

7.  Under United States v. Pettiford, 101 F.3d 199 (1st Cir. 1996)(permitting re-sentencing of prisoner sentenced under Armed Career Criminal Act, relying upon United States v. Custis, 511 U.S. 485 (1994)) and United States v. Brackett, 270 F.3d 60 (1st Cir. 2001)(extending Custis to sentencing guidelines), petitioner Webb is entitled to be resentenced.  See also Mateo v. United States, No. 02-10043-PBS, 2003 U.S. Dist. LEXIS 13923 (Aug. 12, 2003).

## CONCLUSION

For the reasons set forth above, petitioner Webb contends that this Court should schedule a hearing so that he may be resentenced.  Webb currently is incarcerated at USP Allenwood.

```
                                    Respectfully submitted,
                                    By his attorney


                                    _____
                                    /s/ Syrie D. Fried
                                    Syrie D. Fried
                                       B.B.O. # 555815
                                    Federal Defender Office
                                    408 Atlantic Avenue, 3rd Floor
                                    Boston, MA  02210
                                    Tel: 617-223-8061
```

Dated: January 4, 2005