UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLEY WEBB          ) | |
| ) | |
| v.                    ) | CIV. NO. 04-CV-12497-WGY |
| ) | |
| UNITED STATES OF AMERICA ) | |

**Government's Opposition to Defendant's
Petition to Vacate Sentence Under 28 U.S.C. § 2255**

The United States of America, by and through Assistant United States Attorney John T. McNeil, respectfully submits this opposition to Charley Webb's ("Webb") petition pursuant to 28 U.S.C. § 2255.  In sum, the petition should be denied because established law prohibits Webb from collaterally attacking his prior state convictions which serve as the basis for the application of the armed career criminal provisions at 18 U.S.C. § 924(e), and the Supreme Court's decision in Blakely v. Washington, 124 S.Ct. 2531 (2004), does not apply retroactively to judgments which were final at the time of that decision.

**Procedural Statement**

On February 7, 2001, defendant Charlie Webb ("Webb") was charged in a one-count criminal complaint with being a felon in possession of a firearm in Boston, Massachusetts on or about August 5, 2000, in violation of 18 U.S.C. § 922(g)(1). [D.1].  On July 18, 2001, a grand jury returned a one-count indictment mirroring the charge in the criminal complaint. [D.10]. Webb was convicted on December 20, 2001, after a four-day jury trial. [D.49].  On June 19, 2002, the district court sentenced Webb to 288 months' incarceration, to be followed by five years' supervised release. [D.63, 64].  The court concluded that Webb was an armed career

1

criminal pursuant to 18 U.S.C. §924(e), and that he possessed the firearm in the course of assaulting the victim, Eugenia Gillenwater. [D.64]. At the time of his sentencing Webb had four state convictions which served as predicates for the application of 18 U.S.C. §924(e). Because he possessed the weapon in the course of an assault of Ms. Gillenwater, the Court applied U.S.S.G. §§ 4B1.4(b)(3)(A) and (c)(2), which called for a base offense level of 34 and a Criminal History Category VI. [D.64].

Webb filed a timely notice of appeal on June 25, 2002 [D.66]. The First Circuit affirmed the judgment by an unpublished opinion dated June 17, 2003. See United States v. Webb, 2003 WL 21698013 (1st Cir. 2003). Webb advanced two trial issues before the Court of Appeals: a challenge to the voir dire of the jury venire and a challenge to a portion of the government's closing argument. [Id.]. Webb did not raise any issues related to sentencing. Webb's petition for writ of certiorari was denied by the Supreme Court on December 1, 2003. See Webb v. United States, 540 U.S. 1065 (2003).

Webb filed his petition in this matter on November 18, 2004.

### Section 2255 Review

Section 2255, "provides for post-conviction relief in four instances, namely, if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998)(citing Hill v. United States, 368 U.S. 424, 426-427 (1962)). The petitioner bears the burden of establishing the need for Section 2255 relief. David v. United States, 134 F.3d at 474.

In this matter Webb makes five related claims regarding the imposition of his sentence:

first, he argues that the statutory maximum for his offense of conviction is 10 years because the government did not allege and prove three prior convictions making him eligible for sentencing under 18 U.S.C. § 924(e) as an armed career criminal; second, he argues that the United States Sentencing Guidelines are unconstitutional under <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004); third, he argues that this Court should overturn two of his prior state convictions, despite the state court's refusal to do so; and, finally, he argues that even if he were an armed career criminal, the application of U.S.S.G. § 4B1.4 was unconstitutional because the Court, rather than a jury, found that Webb's possession of the weapon was in connection with a crime of violence.

## Argument

**I.  Webb is Prohibited from Challenging in this Court, Two Prior State Convictions Which Serve as Two of the Four Predicate Offenses Giving Rise to the Applicability of the Armed Career Criminal Statute**

Webb's argument that two of his prior state convictions should not be counted because of errors in the state court proceedings must be rejected.  Webb is procedurally barred from collaterally attacking these prior convictions in the context of a petition to vacate his sentence under 28 U.S.C. § 2255 or as part of his federal sentencing. See <u>Daniels v. United States</u>, 532 U.S. 374 (2001)(prohibiting defendants from attacking prior state court convictions in section 2255 proceeding except for <u>Gideon</u> challenges); <u>Brackett v. United States</u>, 270 F.3d 60, 67 (1st Cir. 2001)(defendants prohibited from bringing a section 2255 petition attacking ACC applicability until they successfully vacate state convictions in state court); <u>Custis v. United States</u>, 511 U.S. 485 (1994)(prohibiting collateral attacks of state court convictions in federal sentencings except for Sixth Amendment claims); <u>United States v. Munoz</u>, 36 F.3d 1229, 1237 (1st Cir. 1994) (extending <u>Custis</u> prohibition to attacks on convictions as part of federal

sentencing).

**II.    Webb's coviction was final before the Supreme Court's decision in <u>Blakely</u> and <u>Blakely</u> does not apply retroactively.**

Webb argues that the United States Sentencing Guidelines are unconstitutional under <u>Blakely</u>, and that he should be resentenced in light of the opinion in that case. This Court should reject this argument because Webb's conviction was final by the time <u>Blakely</u> was decided and <u>Blakely</u> does not apply retroactively.

Under <u>Teague v Lane</u>, 489 U.S. 288, 310 (1989), "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." <u>See</u> <u>also</u>, <u>Schiro v. Summerlin</u>, _ U.S. _, 124 S.Ct. 2519, 2523 (2004) ("New rules of procedure, on the other hand, generally do not apply retroactively"). Under <u>Teague</u>, only a small set of "watershed rules of criminal procedure" implicating the fundamental fairness and accuracy of a criminal proceeding are given retroactive effect. 489 U.S. at 311-312 ("New rules of procedure . . generally do not apply retroactively. They do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise. Because of this more speculative connection to innocence, we give retroactive effect to only a small set of watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.")(quotations omitted). <u>See</u> <u>also</u> <u>Summerlin</u>, 124 S.Ct. at 2523; and <u>Saffle v. Parks</u> 494 U.S. 484, 495 (1990).

An analysis of the Supreme Court's recent decision in <u>Summerlin</u> demonstrates that, at best, <u>Blakely</u> qualifies as a new procedural rule that does not fall within the "watershed" exception. Therefore, <u>Blakely</u> is not retroactively applicable, and a collateral attack on a

4

conviction final before Blakely was decided must be rejected.

In Summerlin, decided the same day as Blakely, the Court decided that the ruling of Ring v Arizona, 536 U.S. 584 (2002), does not apply retroactively. In Ring, the Court held that the ruling in Apprendi v. New Jersey, 530 U.S. 466 (2000), required that aggravating factors necessary to impose the death penalty under Arizona law be proven to a jury rather than a judge. 536 U.S. at 609. Summerlin's conviction and death sentence had become final before Ring was decided. 124 S.Ct. at 2521-22.

To decide whether Ring could be applied retroactively, the Court examined: (1) whether Ring articulated a procedural or substantive rule, and (2) if Ring involved a procedural rule, whether it fell within the "watershed" exception of Teague. The Supreme Court concluded that Ring articulated a procedural rule because Ring's holding did not alter the range of conduct or the class of persons subject to the death penalty in Arizona; instead, Ring merely altered "the range of permissible methods for determining whether a defendant's conduct is punishable by death." Id. at 2523.

Even if Blakely applies to the federal Sentencing Guidelines, it is an extension of the ruling in Apprendi, later applied to the death penalty context in Ring. Like the Ring decision, the Blakely decision does not alter the range of conduct or the class of persons subject to a specific sentence under the federal Sentencing Guidelines. Instead, Blakely merely changes the method of determining how the defendant's conduct is punished under the Guidelines by requiring any fact (other than a prior conviction) which enhances a sentence to be alleged in the indictment and either to be proven to a jury beyond a reasonable doubt or to be admitted by the defendant. 124 S.Ct. at 2536. Therefore, under the reasoning in Summerlin, Blakely involved a

procedural rule.

The Supreme Court in <u>Summerlin</u> also explained that the question of whether a new rule falls within the watershed exception depends on "whether judicial factfinding so 'seriously diminishes' accuracy that there is an 'impermissibly large risk' of punishing conduct the law does not reach." 124 S.Ct. at 2525, quoting <u>Teague</u> 489 U.S. at 311-312. The Court held that <u>Ring</u> did not announce a watershed rule because it could not confidently say that judicial factfinding seriously diminishes the accuracy of capital sentencing proceedings. <u>Id.</u>

Similarly, <u>Blakely</u> addressed the issue of whether factfinding must be conducted by a judge or jury. Because the Court in <u>Summerlin</u> could not say that judicial factfinding of aggravating circumstances seriously diminishes the likelihood of accurate death penalty proceedings, it follows that the judicial factfinding arguably prohibited by <u>Blakely</u> does not diminish the likelihood of accurate non-capital sentencing proceedings. Therefore, <u>Blakely</u> does not fall within the watershed exception because it does not establish a rule "without which the likelihood of an accurate conviction is seriously diminished." <u>Teague</u>, 489 U.S. at 311.

Although the First Circuit has not yet examined whether <u>Blakely</u> can be applied retroactively, consistent with the reasoning of the Supreme Court employed in <u>Summerlin</u>, the First Circuit has held that the rule set forth in <u>Apprendi</u> does not apply retroactively to cases on collateral review. See <u>Sepulveda v United States</u>, 330 F.3d 55 (1st Cir. 2003). Every other court of appeals to consider the issue also has concluded that <u>Apprendi</u> does not apply retroactively. See, e.g., <u>Coleman v United States</u>, 329 F.3d 77 (2d Cir. 2003); <u>United States v. Swinton</u>, 333 F.3d 481 (3d Cir. 2003); <u>United States v. Sanders</u>, 247 F.3d 139 (4th Cir. 2001); <u>United States v. Brown</u>, 305 F.3d 304 (5th Cir. 2002); <u>Goode v. United States</u>, 305 F.3d 378 (6th Cir. 2002); <u>Curtis

v. United States, 294 F.3d 841 (7th Cir. 2002); United States v. Moss, 252 F.3d 993 (8th Cir. 2001); United States v. Sanchez-Cervantes, 282 F.3d 664 (9th Cir. 2002); United States v Mora, 293 F.3d 1213 (10th Cir. 2002); McCoy v. United States, 266 F.3d 1245 (11th Cir. 2001). Because Blakely involves the same procedural rule as Apprendi (whether a judge or jury should determine facts which enhance a sentence), and courts have uniformly concluded that Apprendi does not apply retroactively, it necessarily follows that Blakely does not apply retroactively.

The courts which have addressed the issue of whether Blakely can serve as a basis for a successful Section 2255 petition, including this Court, have consistently concluded that Blakely is a procedural rule that does not fall within the small set of watershed procedural rules which apply retroactively.  See, e.g. Zawadzki v. United States, Civ. No. 04-CV-12114-WGY (D. Mass. 2004); Orchard v. United States, 332 F.Supp.2d 275, 277 (D.Me. 2004)("the extension of the Apprendi rule announced in Blakely is a rule of criminal procedure that may not be applied retroactively);  Morris v. United States, 333 F.Supp.2d 759, 772 (C.D. Ill. 2004)(rejecting retroactivity argument, citing cases); United States v. Cino, 2004 WL 2382686, *4-5 (D.Nev. 2004)(concluding that Blakely not retroactive under Teague and Summerlin);  Hall v. United States, 2004 WL 1932755, *3 (D.Mass. 2004)(concluding that Blakely claim not available on collateral review); Garcia v. United States, 2004 WL 1752588, *6-7 (N.D.N.Y. 2004)("Blakely cannot be said to establish a watershed rule of criminal procedure and it does not apply retroactively to cases on collateral review."); Rosario-Dominguez v. United States, 2004 WL 1814021, *9 (S.D.N.Y. 2004) (Blakely "not a new substantive rule that may upset a judgment of conviction on collateral review"); United States v. Stoltz, 2004 WL 1619131, at *2-3 (D.Minn. July 19, 2004)(Blakely not apply retroactively).

While Webb has not argued that the Supreme Court's holding in <u>United States v. Booker</u>, 543 U.S. ___, 2005 WL 50108 (Jan. 12, 2005), applies to this case, it is evident that <u>Booker</u> should not be applied retroactively any more than <u>Apprendi</u>, <u>Ring</u> or <u>Blakely</u>. Since the <u>Booker</u> decision simply extends the principle in <u>Apprendi</u> to the United States Sentencing Guidelines, the <u>Teague</u>/<u>Summerlin</u> analysis set forth above applies equally to <u>Booker</u>. This is precisely the result reached in the few reported cases on this point. <u>See</u>, e.g. <u>Hamlin v. United States</u>, 2005 WL 102959 (D. Me. 2005); <u>Stevens v. United States</u>, 2005 WL 102958 (D. Me. 2005); <u>Quirion v. United States</u>, 2005 WL 83832 (D. Me. 2005). Accordingly, neither <u>Blakely</u> nor <u>Booker</u> is retroactively applicable to cases on collateral review and Webb's petition must be denied.[1]

Finally, Webb's claim that his statutory maximum penalty is 10 years because the government did not allege his prior state convictions in the Indictment must be rejected under <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 226-27 (1998). That case remains good law because the Supreme Court in <u>Apprendi</u>, <u>Ring</u>, <u>Blakely</u>, and <u>Booker</u>, made clear that the government needed to prove only facts "other than the fact of a prior conviction." <u>See</u> <u>Booker</u> 2005 WL 50108 at *15; <u>see</u> also, <u>United States v. Moore</u>, 286 F.3d 47, 50-51 (1st Cir. 2002)(rejecting argument that <u>Apprendi</u> required government to prove prior convictions); <u>United States v. Stearns</u>, 387 F.3d 104, 107 (1st Cir. 2004)(rejecting claim that <u>Blakely</u> required government to allege and prove prior convictions to apply armed career criminal enhancement).

---

[1] Since the Sentencing Guidelines remain applicable to this case, the fact that a state court has vacated one of Webb's prior convictions is of no moment. Webb's criminal history score was set at CHC VI by virtue of the applicability of U.S.S.G. §§ 4B1.4(c)(2) rather than by U.S.S.G. §§ 4A1.1, so the elimination of one conviction has no impact on his Sentencing Guideline range.

**Conclusion**

For the reasons set forth above, the government respectfully requests that Webb's petition pursuant to 28 U.S.C. § 2255 be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

Date: January 25, 2005                    By: /s/ John T. McNeil
                                              JOHN T. MCNEIL
                                              Assistant U.S. Attorney